# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEVEN C. FOWLER**                                                                                      **PLAINTIFF**

**V.**                          **CASE NO. 4:19-CV-00902 JM-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                   **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to District Judge James M. Moody, Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II.   Introduction:

Plaintiff, Steven C. Fowler ("Fowler"), applied for disability benefits on June 20, 2016, alleging disability beginning on May 25, 2016. (Tr at 21-28). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. *Id.* The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Fowler has requested judicial review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

**III.   The Commissioner's Decision:**

The ALJ found that Fowler had not engaged in substantial gainful activity since the alleged onset date of May 25, 2016. (Tr. at 23). The ALJ found, at Step Two of the sequential five-step analysis, that Fowler had the following severe impairments: degenerative disc disease, ischemic cardiomyopathy, dyslipidemia, sleep apnea, coronary artery disease, obesity, right knee degenerative joint disease, major neurocognitive disorder, and depressive disorder due to other medical condition. *Id*.

At Step Three, the ALJ determined that Fowler's impairments did not meet or equal a listed impairment. (Tr. at 24). Before proceeding to Step Four, the ALJ determined that Fowler had the residual functional capacity ("RFC") to perform sedentary work; however, his work would be limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public. (Tr. at 25).

The ALJ found that Fowler was unable to perform any past relevant work. (Tr. at 26). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Fowler's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 27-28). Therefore, the ALJ found that Fowler was not disabled. *Id*.

**IV.   Discussion:**

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence"

in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.   Fowler's Arguments on Appeal

Fowler argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ failed to fully develop the record, the ALJ did not properly analyze Fowler's subjective complaints; the RFC did not incorporate all of his limitations and that the VE testimony and the *Dictionary of Occupational Titles* ("DOT") were in conflict.

Fowler had a heart condition that did not require aggressive treatment, and an echo test and cardiac monitoring did not show severe problems. (Tr. at 400-401). He had patellar tendinitis, for which physical therapy was recommended, but Fowler declined to pursue that. (Tr. at 376-382). Lumbar, thoracic, and cervical spine imaging showed degenerative disc disease but otherwise mild conditions. (Tr. at 515, 594). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Medications helped with pain. (Tr. at 466). Epidural steroid injections also helped to some degree. (Tr. at 464). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Sleep apnea was a problem but Fowler discontinued his CPAP therapy. (Tr. at 384). Fowler alleged depression, and attended

3

counseling for a diagnosis of single episode depressive disorder. He made progress in treatment; moreover, at his various physical impairment clinic visits, mental status examinations were normal. (Tr. at 420, 490, 717). Dr. Patricia Walz noted Fowler's neurocognitive disorder, and said that he would have difficulty with a white-collar job, and should pursue physical therapy. (Tr. at 26). Her restrictions lined up with the RFC for simple work. Dr. Kevin Price completed a checkbox medical source statement that placed limitations on Fowler's ability to perform even simple mental work tasks. *Id.* The ALJ found that this opinion was not consistent with treatment records showing mild depression and improvement with therapy. *Id*.

Fowler could perform a variety of daily activities, and said he enjoyed fishing with his son. (Tr. at 441-442). He also could do chores, cook, shop, ride a lawn mower and manage a simple budget. (Tr. at 704-709). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Fowler first argues that the ALJ should have further developed the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). In this case, the medical records were in agreement, except for the opinion of Dr. Price, whose statement was inconsistent with the benign mental health records. While, the ALJ's discussion was brief, he addressed every impairment and focused on improvement with treatment. Objective evidence did not show a need for further development.

Again, the ALJ's opinion was not as detailed as it could have been, but he did discuss reasons he found Fowler's subjective complaints to be less than persuasive. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. The ALJ considered daily activities, treatment protocols, and positive responses to treatment. (Tr. at 21-27). He discussed the medical opinions. *Id.* He fairly weighed the consistency of Fowler's subjective complaints. Moreover, the RFC for simple work at the sedentary level fully incorporated Fowler's credible limitations.

Finally, Fowler argues that the limitation to simple work did not match up to the skill level required in the jobs identified by the VE. The addresser and escort vehicle driver jobs are level 2 reasoning jobs, and the ticket checker is level 3 reasoning job. Level 2 reasoning entails "carry[ing] out detailed but uninvolved written or oral instructions...." and level 3 reasoning is defined as applying "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and dealing "with problems involving several concrete variables in or from standardized situations." *Smith v Saul*, WL 8112168 (N.D. Iowa, December 9, 2019); *Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018). Fowler cites to *Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018), where the Court found that a limitation to simple one-to-two step instructions was incompatible with level 2 reasoning jobs. The RFC in this case was more broad; it did not restrict

5

Fowler to simple one-to-two step tasks (which is precisely what reasoning level 1 jobs call for). In *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010), the Eighth Circuit rejected the argument that an RFC limiting a claimant to "carrying out simple job instructions" and performing "simple, routine and repetitive work activity at the unskilled task level" was incompatible with jobs requiring level 2 reasoning. In this case, the RFC focuses on simple work, but it lines up with the uninvolved work suggested by level 2 jobs. Moreover, the jobs identified by the VE were SVP 2 jobs, which constitutes a limitation to unskilled work. See 20 C.F.R. §§ 404.1568(a), 416.968(b) (unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time"). Precedent does not suggest that Fowler was precluded from performing reasoning level 2 jobs.[2]

## V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly developed the record and fully analyzed the subjective complaints, and he did not err at Step Five. The finding that Fowler was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 20th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The third job, ticket checker, was a level 3 reasoning job, and the Court declines to discuss whether that is compatible with simple work. However, the two other jobs identified provide a sufficient occupational base for available work.